PER CURIAM.
From a non-final order of taking The Housing Authority of The City of Fort Lauderdale has perfected an appeal pursuant to Florida Appellate Rule 9.130(a)(3)(C)(ii).
It appears that the State of Florida, Department of Transportation sought to widen Broward Boulevard in Broward County. Doctor Kennedy Homes, a housing project owned and operated by The Housing Authority of the City of Fort Lauderdale, is bordered on one side by Broward Boulevard. The DOT sought to condemn two small pieces of property on opposite corners of the housing project. On one comer at the intersection of Broward Boulevard and 11th Avenue a small triangular parcel was to be taken for the purpose of installing a street light, traffic signal post, and wheelchair ramp. On the opposite corner of the housing project (Broward Boulevard and 9th Avenue) a portion of land was sought for a bus bay. This would provide a place for buses to pull out of traffic at the bus stop. Other than these two parcels near the housing project, no land was to be taken from The Housing Authority for the general widening of Broward Boulevard. The additional land for widening was to come from the other side of Broward Boulevard.
The Authority contends the trial court erred in entering the order of taking because the property taken was subjected to prior public use and the taking will materially impair the public use. We have fully considered all of appellant’s arguments in support of that contention and find no error in the trial court’s ruling.
The doctrine of “prior public use” used in eminent domain proceedings was recently described in a very thorough opinion by Judge Hubbart in Florida East Coast Ry. Co. v. City of Miami, 372 So.2d 152, 157 (Fla. 3d DC A 1979), as follows:
The law is well-settled that property devoted to a public use cannot be taken *691 and appropriated to another or different public use by a condemnor to whom the power of eminent domain has been delegated unless the legislative intent to so take has been manifested in express terms or by necessary implication. This is known as the doctrine of prior public use. Simply stated, the rule denies exercise of the above power of condemnation where the proposed use will destroy an existing public use or prevent a proposed public use unless the authority to do so has been expressly given by the legislature or must necessarily be implied. .
The doctrine of prior public use stems from the recognition that municipal and many private corporations possess general powers of condemnation delegated by the legislature. If one such body may acquire land used or held for a public purpose by another corporation under a general power of condemnation, the latter would logically be free to re-acquire the same property. . . . The doctrine, therefore, has particular application when one condemning authority seeks property held by another condemning authority and neither possesses a superior power of condemnation by statute or court decision. [Citations and footnotes omitted.]
Thus, it appears that where one condemning authority possesses superior condemnation powers the required legislative intent mentioned above is necessarily implied.
In the case at bar, as appellee puts it, the Department of Transportation, as the State highway authority, is the sovereign when acting in the area of State road building. The property taken vests in the name of the State of Florida. The statutory authority for the department to condemn property is found in Section 337.27(1), Florida Statutes (1977), which provides:
The power of eminent domain is vested in the [Division of Administration of the Department of Transportation] to condemn all necessary lands and property for the purpose of securing rights of way, borrow pits and drainage ditches for existing, proposed or anticipated roads in the state highway system or state park road system. The [division] shall also have the power to condemn any material and property necessary for such purposes.
The power of eminent domain possessed by The Housing Authority is found in Section 421.12, Florida Statutes (1977):
Eminent domain. — An authority shall have the right to acquire by the exercise of the power of eminent domain any real property which it may deem necessary for its purposes under this chapter after the adoption by it of a resolution declaring that the acquisition of the real property described therein is necessary for such purposes. An authority may exercise the power of eminent domain in the manner provided in chapters 73 and 74. Property already devoted to a public use may be acquired in like manner, provided that no real property belonging to the city, the county, the state or any political subdivision thereof may be acquired without its consent. [Emphasis supplied.]
So we see the Department’s power of eminent domain is unrestricted while The Authority would be required to obtain permission from the Department in order to condemn property held by the Department. Thus, our situation is identical to that found in Florida East Coast Ry. Co. v. City of Miami, supra, at 158, wherein the court said:
The significance to this case of the City of Miami’s superior power of eminent domain over that of the railroad is that such superior condemnation power eliminates the rationale for the prior public use doctrine. Upon condemnation of the railroad’s property by the City of Miami, the railroad herein would lack the eminent domain authority to re-acquire the same property from the City. It was to avoid just such a conflict that the doctrine of prior public use was developed. As no such conflict now exists in this case, the prior public use doctrine is inapplicable as a defense to the taking herein.
We conclude that the prior public use doctrine does not apply to the taking here *692 and that the evidence does not show that the property taken from The Authority will materially impair or interfere with the pri- or public use of The Authority. As this court said in State ex rel. Cox v. T. O. L., Inc., 206 So.2d 69, 73 (Fla. 4th DCA 1968):
Indeed, in the absence of some statutory provision expressly or by implication forbidding it, property devoted to one public use may under general statutory authority be taken for another public use, where the taking will not materially impair or interfere with, or is not inconsistent with, the use already existing, and it is not detrimental to the public. It is not material that some inconvenience may result to the prior user, if the conditions are such that the two uses can stand together. City of Dania v. Central and Southern Florida Flood Control Dist., Fla.App. 1961, 134 So.2d 848.
Accordingly, the order appealed from is affirmed.
AFFIRMED.
LETTS, C. J., and DOWNEY and HURLEY, JJ., concur.